FILED
United States Court of Appeals
Tenth Circuit

December 4, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JOHNY JATILUHUT SIAHAAN,

Petitioner,

v.

MICHAEL B. MUKASEY, United
States Attorney General,

Respondent.

No. 08-9508
(Petition for Review)

---

ORDER AND JUDGMENT*

---

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Johny Jatiluhut Siahaan seeks review of a Board of Immigration Appeals

(BIA) decision affirming an Immigration Judge's (IJ) denial of asylum, restriction

on removal, and relief under the Convention Against Torture (CAT). Mr. Siahaan

does not contest the denial of asylum, but argues that his credible testimony alone

satisfied the standards for restriction on removal and CAT protection, and thus the

---

\* After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

IJ erred in requiring corroborating evidence to establish his entitlement to relief. We deny the petition for review.

## I

Mr. Siahaan is a native and citizen of Indonesia; he is also a member of the Batak Tribe and a practicing Seventh Day Adventist. He entered the United States in 1992 on a B-2 visitor visa but overstayed his visit. Consequently, in 2003, the government charged him with remaining in this country beyond his authorized time. *See* 8 U.S.C. § 1227(a)(1)(B). Mr. Siahaan conceded the charge but filed for asylum, restriction on removal, and CAT relief. An IJ held a hearing and concluded that Mr. Siahaan's asylum application was untimely because he failed to file it within one year of his last entry into the United States. Alternatively, the IJ found that Mr. Siahaan's testimony was "believable and consistent" but "not enough to establish his eligibility for asylum without corroborating evidence." Admin. R. at 49. Since Mr. Siahaan failed to satisfy the asylum standard, the IJ found that he necessarily failed to satisfy the more onerous standards for restriction on removal and CAT relief. On appeal to the BIA, a single member of the Board adopted and affirmed the IJ's decision, noting that Mr. Siahaan's asylum claim was time-barred, his documentary evidence had been considered, and he failed to demonstrate that his past experiences rose to the level of persecution.

Mr. Siahaan now challenges the BIA's decision, arguing that since the IJ found him credible, his testimony alone ought to have established his entitlement to relief without corroborating evidence. To support this position, Mr. Siahaan cites our rule that lack of corroborating evidence cannot be a basis for an adverse credibility finding. And from this premise, he concludes that the IJ's favorable credibility finding required that the IJ find him entitled to restriction on removal and CAT protection. As we explain, however, Mr. Siahaan's conclusion does not follow from the premise he relies upon.

## II

We review the BIA's decision as the final order of removal but "consult the IJ's opinion to the extent the BIA relied upon or incorporated it." *Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007). "Our duty is to guarantee that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007) (quotation and brackets omitted). Credibility findings are among those determinations subject to the substantial evidence test. *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006).

The problem in this case stems from the IJ's reference to the need for corroborating evidence. Mr. Siahaan's premise is correct: an IJ cannot make an adverse credibility finding based on a lack of corroborating evidence, *see Solomon v. Gonzales*, 454 F.3d 1160, 1165 (10th Cir. 2006). But that is not what

-3-

happened here. Rather, the IJ explicitly found Mr. Siahaan's testimony "believable and consistent." Admin. R. at 49. Moreover, the BIA recognized that the IJ also considered Mr. Siahaan's documentary evidence. Because the IJ did not make an adverse credibility finding and considered Mr. Siahaan's documentary evidence, our rule prohibiting adverse credibility findings based on a lack of corroborating evidence is inapposite and Mr. Siahaan's reliance on it is misplaced.

What Mr. Siahaan is really challenging is the IJ's conclusion that his testimony alone, though credible, was insufficient to satisfy the asylum standard. Indeed, he plainly argues that since the IJ found him to be credible, his testimony should have been sufficient to meet his burden of proof. *See* Pet'r Br. at 5. But the IJ understood that an alien's testimony "can suffice [to establish his eligibility for relief] where the testimony is both believable, consistent and sufficiently detailed to provide a plausible and coherent account of the basis for the alien's fears." Admin. R. at 45. And again, the IJ found Mr. Siahaan's testimony "believable and consistent." *Id.* at 49. Nevertheless, this favorable credibility finding did not *require* the IJ to conclude that Mr. Siahaan satisfied his burden of proof.

"The testimony of the applicant, if credible, *may* be sufficient to sustain the burden of proof without corroboration," but such a finding is not mandatory. *See* 8 C.F.R. §§ 208.13(a), 208.16(b), and 208.16(c)(2) (emphasis added); *see also*

*Uanreroro*, 443 F.3d at 1204 ("an alien's testimony alone *may* support an application for [restriction on] removal or asylum") (emphasis added). The "testimony must also be found 'credible' and 'persuasive,' and refer to 'specific facts sufficient to demonstrate that the applicant'" meets his burden of proof. *Id.* at 1205 (quoting 8 U.S.C. § 1158(b)(1)(B)(ii)); *cf. Solomon*, 454 F.3d at 1165 ("otherwise credible testimony constitutes sufficient evidence to support an application"). In determining whether an alien satisfies his burden of proof, "the trier of fact may weigh the credible testimony along with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(ii).

Here, the IJ considered Mr. Siahaan's credible testimony and other record evidence but found that he did not satisfy his burden of proof. The IJ made no adverse credibility finding based on a lack of corroborating evidence, nor was IJ obligated to find that Mr. Siahaan satisfied his burden of proof merely because he testified credibly. Consequently, the only real question is whether the IJ's finding that Mr. Siahaan failed to satisfy his burden of proof is supported by substantial evidence. We conclude it is.

To obtain restriction on removal, Mr. Siahaan must to show that his "life or freedom would be threatened in [Indonesia] on account of [his] race, religion, nationality, membership in a particular social group, or political opinion." *See* 8 C.F.R. § 1208.16(b); *Ismaiel v. Mukasey*, 516 F.3d 1198, 1204 (10th Cir. 2008). He may satisfy this standard by showing "past persecution" or that "it is more

likely than not" he will be persecuted in the future. 8 C.F.R. § 1208.16(b)(1)-(2); *Sidabutar*, 503 F.3d at 1123-24. Failure to meet the standard for restriction on removal indicates that he has not, and probably will not, be tortured, and thus cannot satisfy the standard for CAT relief. *See* 8 C.F.R. § 1208.16(c)(2); *Ismaiel*, 516 F.3d at 1206.

Mr. Siahaan claimed past persecution on account of his religion and ethnicity. He had been beaten several times throughout his school years, recalling a fight with a Muslim when he was sixteen or seventeen years old. Both he and the Muslim were taken to a police station, where he was treated for bruises, but no charges were filed, and they were both released. He also recalled that during his school years, Muslims instigated fights, saying that Christian Bataks eat pork and dogs. They also taunted him on his way to church and challenged his belief in the Holy Trinity, stating, "there is only one God." Admin. R. at 96. And he remembered that the worst thing he was ever called was a "Bata[]k." *Id.*

After graduating from a private Christian university, Mr. Siahaan worked for a foreign-investment firm in Jakarta. He had no difficulty getting hired and experienced no mistreatment based on his religion or ethnicity. His brother, however, who remains in Indonesia, was attacked by someone wielding a sword. The trauma left his brother with a personality-changing brain injury that forced him to retire. Although the incident was reported to police, and his brother identified his attacker, the police took no action.

This testimony is insufficient to establish that Mr. Siahaan was persecuted. Persecution "requires the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive and must entail more than just restrictions or threats to life and liberty." *Wiransane v. Aschroft*, 366 F.3d 889, 893 (10th Cir. 2004) (quotation omitted). Although the mistreatment Mr. Siahaan experienced in school was unfortunate, the IJ recognized that it was more akin to discrimination than persecution. Yet "[d]iscrimination on the basis of race or religion, as morally reprehensible as it may be, does not ordinarily amount to persecution . . . ." *Ba v. Mukasey*, 539 F.3d 1265, 1270 (10th Cir. 2008) (quotation omitted). Moreover, the worst verbal abuse Mr. Siahaan endured was being called a member of his own tribe, while the most severe injuries he sustained were bruises from a fight he engaged in as a boy. This is not persecution. *Cf. Kapcia v. INS*, 944 F.2d 702, 704-05 (10th Cir. 1991) (finding no past persecution where aliens had been harassed, imprisoned, beaten, interrogated, and conscripted into the military).

Nor has Mr. Siahaan demonstrated a clear probability of persecution upon removal. He suggests that the cumulative impact from his past experiences creates a presumption of future persecution, but because he failed to show past persecution, he is not entitled to this presumption. *See* 8 C.F.R. § 1208.16(b)(2). Instead, he must affirmatively demonstrate that he would be singled out personally for persecution or that he has "a reasonable fear of persecution because

of [his] membership in a group subject to a pattern or practice of persecution." *See Woldemeskel v. INS*, 257 F.3d 1185, 1190-91 (10th Cir. 2001) (quotation omitted). And on this score, although his brother was seriously injured in an attack believed to be perpetrated by a Muslim, nothing indicates that Mr. Siahaan himself faces an individualized risk of persecution. *See id.* at 1191. Nor does the record disclose a pattern or practice of persecution against Christian Bataks. A pattern or practice of persecution entails "something on the order of organized or systematic or pervasive persecution." *Id.* (quotation omitted). To be sure, the record reflects religious violence between Christians and Muslims in Indonesia, but it also indicates that relations between the two groups have improved, particularly since the government began efforts to curb inter-religious violence. Further, despite his claim of ethnic persecution, Mr. Siahaan fails to point to any evidence of organized or systematic persecution against ethnic Bataks. Consequently, we cannot say he faces a clear probability of persecution upon removal. It follows, then, that he is entitled to neither restriction on removal, nor protection under the CAT. *See Ismaiel*, 516 F.3d at 1206.

The petition for review is DENIED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-8-